## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS FERRARO | : | |
| 195 Redwood Drive | : | |
| Quakertown, PA 18951 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.: _____ |
| | : | |
| v. | : | |
| | : | |
| CECO ENVIRONMENTAL CORP. | : | |
| 14651 Dallas Parkway, Suite 500 | : | **JURY TRIAL DEMANDED** |
| Dallas, TX 75254 | : | |
| and | : | |
| MET-PRO TECHNOLOGIES, LLC | : | |
| 4625 Red Bank Road, Suite 200 | : | |
| Cincinnati, OH 45227 | : | |
| and | : | |
| CECO FYBROC d/b/a FYBROC | : | |
| 700 Emlen Way | : | |
| Telford, PA 18969 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Thomas Ferraro (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by CECO Environmental Corp., Met-Pro Technologies, LLC, and CECO Fybroc d/b/a Fybroc (*hereinafter* collectively referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq.*), and the

Pennsylvania Human Relations Act ("PHRA").[1]   As a direct consequence of Defendants' unlawful

actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      Plaintiff resides in and is a citizen of Pennsylvania.

3.      Upon information and belief, Defendant CECO Environmental Corp is

incorporated under the laws of Texas with headquarters and/or principal place of business in same,

rendering it a citizen of Texas.

4.      Upon information and belief, Defendant Met-Pro Technologies, LLC is

incorporated under the laws of Delaware with headquarters and/or principal place of business in

Harleysville, Pennsylvania, rendering it a citizen of Pennsylvania.

5.      Upon information and belief, Defendant CECO Fybroc d/b/a Fybroc is

incorporated under the laws of Pennsylvania with headquarters and/or principal place of business

in same, rendering it a citizen of Pennsylvania.

6.      This Court, in accordance with 28 U.S.C. § 1332, has jurisdiction over Plaintiff's

claims because there is complete diversity jurisdiction, as Plaintiff is a citizen of Pennsylvania,

and Defendants are citizens of Texas and Pennsylvania, and the amount in controversy exceeds

$75,000.

7.      This action is also being initiated pursuant to federal laws (ADA and ADEA) and

therefore, the United States District Court for the Eastern District of Pennsylvania also has original

subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  He is required to wait 1 full year before
initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file his lawsuit in advance of same
because of the date of issuance of his federal right-to-sue-letter under the ADA and the ADEA.  Plaintiff's PHRA
claims however will mirror identically his federal claims under the ADA and the ADEA.

under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

8.      This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

9.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

10.     Plaintiff filed Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charges with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charges with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff is an adult individual, with an address as set forth in the above caption.

13.     CECO Environmental Corp (*hereinafter* "Defendant CECO") is a corporation operating in the energy, environmental air pollution control, and fluid handling and filtration

3

industry throughout several states in the United States (including Pennsylvania), with an address as set forth in the above caption.

14.     Met-Pro Technologies, LLC (*hereinafter* "Defendant Met-Pro") is a corporation operating in the fluid handling, product recovery and pollution control equipment industry in several states in the United States (including Pennsylvania), with headquarters as set forth above. Upon information and belief, Defendant CECO acquired, owns and provides management, personnel and/or human resources support to Defendant Met-Pro. Defendant Met-Pro was listed as Plaintiff's employer on his paystubs and W-2 forms.

15.     CECO Fybroc d/b/a Fybroc (*hereinafter* "Defendant Fybroc") is a corporation which designs and manufactures fiberglass reinforced polymer pumps in Pennsylvania, with an address as set forth in the above caption. Plaintiff physically worked at the address for Defendant Fybroc.

16.     Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single and/or joint employer for purposes of the instant action.

17.     At all times relevant herein, Defendants acted through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

18.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

19.     Plaintiff was employed with Defendants for approximately 13.5 years (including predecessor companies) as a machinist, working out of the Defendant Fybroc location at 700 Emlen Way, Telford, PA.

20.     Plaintiff is a 64-year-old male, and one of the oldest employees at Defendants' Telford, PA location.

21.     At the time of Plaintiff's termination, he was primarily supervised by Machine Shop Supervisor, Ronald LaDieu (hereinafter "LaDieu") and Plant Manager, Anthony Carbo (hereinafter "Carbo").

22.     During the latter part of Plaintiff's tenure and until termination, Plaintiff began to notice that Defendants' management appeared to be targeting older employees for termination or discipline, favoring younger employees, and exhibited discriminatory animus toward Plaintiff and other older employees because of their advanced age.

23.     For example, unlike Defendants' younger employees, members of management:

   a.   treated Plaintiff in a rude and demeaning manner;

   b.   criticized and scrutinized Plaintiff's work;

   c.   unfairly issued older employees pretextual discipline in an effort to push them out and/or terminate them; and

   d.   LaDieu made disparaging age-related comments to Plaintiff, including calling him an "old man" on multiple occasions.

24.     In addition to being subjected to discrimination because of his age, Plaintiff was also subjected to discrimination and retaliation because of Plaintiff's serious health conditions.

25.     Plaintiff has and continues to suffer from several disabilities, including but not limited to diabetes, hypertensions, and back and knee conditions (requiring periodic shots for pain/lubrication – as well as a future knee replacement).

26.     Despite these health conditions and limitations, Plaintiff was still able to perform the essential functions of his position well. However, Plaintiff did require some reasonable accommodations, such as intermittent time off for doctor's appointments and injections, and to care for and treat Plaintiff's serious health conditions.

27.     While Defendants did accommodate some Plaintiff's initial doctor's visits, Plaintiff was still subjected to hostility and animosity whenever Plaintiff took time for medical reasons.

28.     For example, but not intended to be an exhaustive list: (1) Plaintiff was issued attendance points for taking time off for his disabilities, despite the fact that same was ADA-qualifying leave, and that Plaintiff provided doctors notes and documentation for same; (2) Plaintiff was punished for taking time off for his health conditions by having his work redirected (sent out or taken away from him); and (3) Plaintiff was denied the opportunity for overtime because of Plaintiff's need for time off for medical reasons.

29.     Plaintiff continued to require accommodations throughout 2020. For example, in or about the end of March of 2020 until on or about May 6, 2020, Plaintiff utilized FMLA leave for serious health concerns, for which Plaintiff provided doctor's notes and documentation.

30.     Plaintiff returned to work on or about May 7, 2020, and continued to work hard for Defendants and perform his job well.

31.     Later, in or about mid-November of 2020, Plaintiff again put Defendants on notice that Plaintiff required ADA and/or FMLA-qualifying leave for his serious health conditions.

32.     However, while on ADA and/or FMLA-qualifying leave, Defendants' management harassed Plaintiff regarding documentation for medical testing and his need for time off, and stated that they believed there were "discrepancies" that needed "clarification."

33.     Plaintiff then returned to work on or about November 30, 2020.

34.     Plaintiff continued to work for about one week before Defendants' management informed Plaintiff on or about December 7, 2020, that they required even more documentation and "clarification" for the time that Plaintiff had taken off for medical reasons.

35.     However, despite that fact that Plaintiff responded to all of Defendants' requests for information and "clarification," Defendants thereafter failed to communicate with Plaintiff whatsoever and not once during this time period ever informed Plaintiff that Defendants still needed any additional information regarding his leave.

36.     Plaintiff was abruptly terminated on or about December 22, 2020 for allegedly "accumulating too many points," which included points assessed for ADA and FMLA-qualifying leave.

37.     Therefore, Plaintiff believes and avers that he was terminated because of (1) his age; (2) his known and/or perceived disabilities; (3) his record of impairment; (4) his requested accommodations; and/or (5) Defendants failure to properly accommodate Plaintiff.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**
**-Against All Defendants-**

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.     Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

40.     Plaintiff kept Defendants management informed of his serious medical conditions and need for medical treatment and other accommodations.

41.     Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well; however, Plaintiff did require reasonable medical accommodations at times.

42.     Plaintiff requested reasonable accommodations such as intermittent time off for doctor's appointments and injections and to care for and treat Plaintiff's serious health conditions.

43.     Plaintiff was terminated from his employment in close proximity to his requests for/utilization of reasonable accommodations.

44.     Plaintiff believes and therefore avers that he was terminated because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendants failure to properly accommodate Plaintiff.

45.     These actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**([1] Retaliation & [2] Interference)**
**-Against All Defendants-**

46.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

48.     Plaintiff requested leave from Defendants with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

49.     Plaintiff had at least 1,250 hours of service with Defendants EEL and LMTL during his last full year of employment.

50.     Defendant are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

51.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

52.     Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3)  terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; (4) by making negative comments and/or taking actions towards him that would dissuade a reasonable person from exercising him rights under the FMLA.

53.     These actions as aforesaid constitute violations of the FMLA.

**COUNT III**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**([1] Age Discrimination and [2] Hostile Work Environment)**
**-Against All Defendants-**

54.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55.     Plaintiff was treated disparately with respect to work and policies, had made comments about his age by Defendants, and his termination was contrary to individuals substantially younger than him, which occurred on or about December 22, 2020.

56.     Upon information and belief, after Plaintiff was terminated, his work for Defendants has been performed by much younger, less experienced individuals who do not possess the level of qualifications and seniority Plaintiff had obtained working with Defendants.

57.     Therefore, Plaintiff believes and avers that he was terminated because of his advanced age.

58.     These actions as aforesaid constitute unlawful age discrimination and retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.     Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  September 28, 2021

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Thomas Ferraro | : | CIVIL ACTION |
| v. | : | |
| Ceco Environmental Corp., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| | | |
|---|---|---|
| 9/28/2021 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 195 Redwood Drive, Quakertown, PA 18951

Address of Defendant: 14651 Dallas Pkwy, Ste 500, Dallas, TX 75254; 4625 Red Bank Rd, Ste 200; Cincinnati, OH 45227; 700 Emlen Way, Telford, PA 18969

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/28/2021 _____   ARK2484 / 91538
                  *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 9/28/2021 _____   ARK2484 / 91538
                  *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

FERRARO, THOMAS

**(b)** County of Residence of First Listed Plaintiff      Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

CECP ENVIRONMENTAL CORP., ET AL.

County of Residence of First Listed Defendant      Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1  U.S. Government Plaintiff | **X** 3  Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | **X** 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| **X** 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, FMLA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   **X** Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
9/28/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Print | Save As... | Reset |